UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                  DECISION AND ORDER

         Plaintiff,

                  20-CR-6129DGL

    v.

LORENZO WATSON,

         Defendant.
_____


  On October 1, 2020, the defendant Lorenzo Watson ("Watson") pleaded guilty to two charges pursuant to a written Plea Agreement: possession of cocaine with intent to distribute and a firearms offense, that is, possessing a firearm as a convicted felon.  In the Plea Agreement, the parties agreed that Watson's then-Sentencing Guideline Range was 46-57 months based on a Criminal History Category of V and an Offense Level of 19.

  The Plea Agreement, though, provided for a different, specific sentencing range of 67-72 months, pursuant to Fed. R. Crim. P. 11(c)(1)(C).  This range was significantly higher than the 46-57 month range under the Guidelines.  The reason was, in part, because the Government did not prosecute Watson under 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime, although he was originally charged with that offense in the Criminal Complaint.  If pursued, that sentence would be at least 60 months consecutive to any other imposed sentence.

  The Court accepted the Rule 11(c)(1)(C) agreement and imposed a 67-month sentence on January 26, 2021, which Watson is now serving.

Pending before the Court is Watson's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. #41), based on a change in the Sentencing Guidelines, specifically relating to the Criminal History Guidelines involving status points assigned under Guideline Section 4A1.1(d). The Commission determined that such a change may be applied retroactively, effective February 1, 2024.

The Government filed a Memorandum in opposition to Watson's motion (Dkt. #45, #46) and the Federal Public Defender filed a Reply (Dkt. #47).

Additional briefing occurred in response to the Court's email of January 30, 2024, seeking input from the parties as to whether the Court could now reduce the sentence even though it was originally imposed pursuant to an agreement under Rule 11(c)(1)(C). Both the Federal Public Defender (Dkt. #48) and the Government (Dkt. #50) agreed that the original Plea Agreement did not preclude the Court from now reducing the sentence, should it choose to do so. Both parties recognize that the Court has broad discretion in the matter.

The Court also has received and reviewed an Abbreviated Supplemental Presentence Report (Dkt. #43).

## DISCUSSION

Based on the helpful authority submitted by the parties, it is clear that this Court does have discretionary authority to reduce a sentence even though it was originally imposed pursuant to Rule 11(c)(1)(C). *See Hughes v. United States*, 138 S. Ct. 1765 (2018); *see also Freeman v. United States*, 564 U.S. 522 (2011).

The Court must also consider the sentencing factors listed at 18 U.S.C. § 3553(a), including danger to the community, as well as any post-sentencing conduct, whether positive or negative.

The Court may also consider any benefit obtained by the defendant as a result of the original agreed-upon sentencing range.  Here, Watson "benefited" to a degree because he was not prosecuted on the more serious weapons charge under 18 U.S.C. § 924(c).

After considering all the matters submitted, I hereby GRANT defendant Lorenzo Watson's motion for a reduction of sentence and impose a 60-month term of imprisonment on Counts 1 and 2 to run concurrent; all other conditions of supervised release remain in full force and effect.  This sentence, like the original one, is well above the new Guideline Range of 37-46 months.  But, this increase is reasonably comparable to the increase originally imposed by virtue of the Rule 11(c)(1)(C) agreement.  I also have considered the fact that Watson did benefit from the Plea Agreement by not being charged with the more serious firearms offense.  I have tried to balance that with the fact that Watson's post-conviction conduct while incarcerated seems to have been exemplary and he has received significant good time credit.

ALL OF THE ABOVE IS SO ORDERED, and the United States Probation Office is directed to prepare an Amended Judgment and Commitment for my signature as soon as practicable.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 15, 2024.